## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
### Albany Division

REBECCA YATES, individually and on
behalf of all others similarly situated,

                               Plaintiff,

    v.

CALIFORNIA NATURAL LIVING, INC.,

                               Defendant.

Civil Action No.  1:18-CV-1415 (GLS/TWD)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Rebecca Yates ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant California Natural Living, Inc. (hereinafter, "Defendant").

### NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of purchasers of California Baby Natural Bug Blend Bug Repellent (the "Product") in the United States.

2.      Defendant represents that the Product is a "bug repellent" that "repels mosquitoes."

 

3.      Unfortunately for consumers however, the Product is a complete sham.  Scientific evidence shows that the Product does not repel mosquitoes.  The product is ineffective and worthless.

4.      Independent arm-in-cage laboratory testing commissioned by Plaintiff's counsel in early 2018 revealed that the Product was ineffective in repelling Aedes mosquitoes and Culex mosquitoes – the two most worrisome and common species of mosquitoes found in the United States.[1]  Defendant's Product failed the laboratory testing almost immediately—all of the test subjects were bitten by both species of mosquitoes.  Photographs of some of the Product's test subjects being bitten by mosquitoes shortly after application of the Product are shown below:

---

[1] *See* https://www.nytimes.com/2016/06/29/nyregion/mosquitoes-diseases-zika-virus.html.





5.      California Baby Natural Bug Blend Bug Repellent also flunked 2016 testing by Consumer Reports "to see how effectively it protects against Aedes mosquitoes (that tend to bite during the day and can spread Zika) and Culex mosquitoes (nighttime biters that can spread West Nile)."[2]  During the Consumer Reports testing, the subjects were bitten by both species of mosquitoes within half an hour after application of California Baby Natural Bug Blend Bug Repellent.[3]  This led Consumer Reports to conclude that California Baby Natural Bug Blend Bug Repellent exhibited "[p]oor performance at repelling mosquitoes."[4]

6.      Upon information and belief, Defendant has sold hundreds of thousands of units of the Product by promising consumers an effective mosquito repellent.

7.      Plaintiff is a purchaser of California Baby Natural Bug Blend Bug Repellent who asserts claims on behalf of herself and similarly situated purchasers of California Baby Natural Bug Blend Bug Repellent for violations of the consumer protection laws of New York, unjust enrichment, breach of express warranty, violation of the Magnuson-Moss Warranty Act, and fraud.

**THE PARTIES**

8.      Plaintiff Rebecca Yates, is, and at all times relevant to this action has been, a resident of Schenectady, New York.  Ms. Yates purchased the Product from a Target store in Schenectady, New York in or about the end of December 2015 or early January 2016 for

---

[2] *See* https://www.consumerreports.org/products/insect-repellent/california-baby-natural-bug-blend-291701/overview/
[3] *See* https://www.consumerreports.org/content/dam/cro/news_articles/health/Consumer-Reports-Insect-Repellent-Ratings-February-2016.pdf
[4] *See* https://www.consumerreports.org/products/insect-repellent/california-baby-natural-bug-blend-291701/overview/

approximately $15.  Prior to purchase, Ms. Yates carefully read the Product's labeling, including representations that the Product is a "bug repellent" that "repels mosquitoes."  Ms. Yates believed these statements to mean the Product would repel mosquitoes and relied on them in that she would not have purchased the Product at all, or would have only been willing to pay a substantially reduced price for the Product, had she known that these representations were false and misleading.  Ms. Yates used the Product as direct and it was ineffective to repel mosquitos.

9.      Defendant California Natural Living, Inc. is a California corporation with its principal place of business at 5933 Bowcroft St., Los Angeles, CA  90016.

10.     Defendant manufactures, markets, and distributes the California Baby Natural Bug Blend Bug Repellent throughout the United States.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff is a citizen of New York, resides in this District, and purchased the Product from Defendant in this District.  Moreover, Defendant distributed, advertised, and sold the Product, which is the subject of the present complaint, in this District.

## CLASS REPRESENTATION ALLEGATIONS

13.     Ms. Yates seeks to represent a class defined as all persons in the United States who purchased California Baby Natural Bug Blend Bug Repellent (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

14.     Ms. Yates also seeks to represent a subclass defined as all Class members who purchased California Baby Natural Bug Blend Bug Repellent in New York (the "New York Subclass").

15.     Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclass number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

16.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Product is false and misleading.

17.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased California Baby Natural Bug Blend Bug Repellent, and suffered a loss as a result of that purchase.

18.     Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to

prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

19.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

20.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

21.     Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

22.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that California Baby Natural Bug Blend Bug Repellent is a "bug repellent" that "repels mosquitos."

23.     The foregoing deceptive acts and practices were directed at consumers.

24.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of California Baby Natural Bug Blend Bug Repellent to induce consumers to purchase same.

25.     Plaintiff and members of the Class and New York Subclass were injured because (a) they would not have purchased California Baby Natural Bug Blend Bug Repellent had they known that it was ineffective to repel mosquitos, (b) they overpaid for California Baby Natural Bug Blend Bug Repellent because it is sold at a price premium, and (c) California Baby Natural Bug Blend Bug Repellent did not have the characteristics, uses, or benefits as promised, namely that it was a "bug repellent" that "repels mosquitos."  As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the California Baby Natural Bug Blend Bug Repellent or in the difference in value between California Baby Natural Bug Blend Bug Repellent as warranted and California Baby Natural Bug Blend Bug Repellent as actually sold.

26.     On behalf of herself and other members of the Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## Count II
### (False Advertising, New York Gen. Bus. Law § 350)

27.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

28.     Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass.

29.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that California Baby Natural Bug Blend Bug Repellent is a "bug repellent" that "repels mosquitos."

30.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

31.     This misrepresentation has resulted in consumer injury or harm to the public interest.

32.     Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased California Baby Natural Bug Blend Bug Repellent had they known that it was ineffective to repel mosquitos, (b) they overpaid for California Baby Natural Bug Blend Bug Repellent because it is sold at a price premium, and (c) California Baby Natural Bug Blend Bug Repellent did not have the characteristics, uses, or benefits as promised, namely that it was a "bug repellent" that "repels mosquitos."  As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the California Baby Natural Bug Blend Bug Repellent or in the difference in value between California Baby Natural Bug Blend Bug Repellent as warranted and California Baby Natural Bug Blend Bug Repellent as actually sold.

33.     On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT III
### (Breach Of Express Warranty)

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

36.     On November 21, 2018, Plaintiff mailed Defendant with notice of this claim by letter that complied in all respects with U.C.C. § 2-607(3)(a).

37.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that California Baby Natural Bug Blend Bug Repellent is a "bug repellent" that "repels mosquitos."

38.     In fact, California Baby Natural Bug Blend Bug Repellent is ineffective as a bug repellent because it does not repel mosquitos.

39.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because (a) they would not have purchased California Baby Natural Bug Blend Bug Repellent had they known that it was ineffective to repel mosquitos, (b) they overpaid for California Baby Natural Bug Blend Bug Repellent because it is sold at a price premium, and (c) California Baby Natural Bug Blend Bug Repellent did not have the characteristics, uses, or benefits as promised, namely that it was a "bug repellent" that "repels mosquitos."  As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the California Baby Natural Bug Blend Bug Repellent or in the difference in value between California Baby Natural Bug Blend Bug Repellent as warranted and California Baby Natural Bug Blend Bug Repellent as actually sold.

<u>COUNT IV</u>
**(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301,** *et seq.***)**

40.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

42.    The Product is a consumer product as defined in 15 U.S.C. § 2301(1).

43.    Plaintiff and members of the Class and Subclass are consumers as defined in 15 U.S.C. § 2301(3).

44.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

45.    In connection with the sale of the Product, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties that the Product is a "bug repellent" that "repels mosquitoes."

46.    In fact, the Product is incapable of repelling any of the aforementioned insects.

47.    By reason of Defendant's breaches of warranty, Defendant violated the statutory rights due Plaintiff and members of the Class and Subclass pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., thereby damaging Plaintiff and members of the Class and Subclass.

48.    Plaintiff and members of the Class and Subclass were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Product if they knew the Product was ineffective at repelling mosquitoes, or would have only been willing to pay a substantially reduced price for the Product if they knew the Product was ineffective at repelling mosquitoes.

## COUNT V
### (Unjust Enrichment)

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

51.     Plaintiff and Class members conferred benefits on Defendant by purchasing California Baby Natural Bug Blend Bug Repellent.

52.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of California Baby Natural Bug Blend Bug Repellent. Retention of those monies under these circumstances is unjust and inequitable because Defendant's sale of California Baby Natural Bug Blend Bug Repellent resulted in purchasers being denied the full benefit of their purchase because California Baby Natural Bug Blend Bug Repellent is ineffective to repel mosquitos.

53.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT VI
### (Fraud)

54.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

56.     As discussed above, Defendant misrepresented on the Product's labeling that it is a "bug repellent" that "repels mosquitoes."

57.     The false and misleading representations and omissions were made with knowledge of their falsehood.  Defendant is a top distributor of pest control products in the United States who is undoubtedly aware of the studies finding that its product does not work. Nonetheless, Defendant continues to sell its ineffective and worthless Product to unsuspecting consumers.

58.     The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and New York Subclass to purchase the Product.

59.     The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.      For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

D.      For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

E.      For prejudgment interest on all amounts awarded;

F.      For an order of restitution and all other forms of equitable monetary relief; and

G.      For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.


Dated:  December 5, 2018            Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:   */s/ Philip L. Fraietta*

Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com

*Attorneys for Plaintiff*